UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
UNITED STATES OF AMERICA

                -against-

SOFIA ATIAS AND JOSEPH ATIAS,

                Defendants.
------------------------------------------------------X

**MEMORANDUM & ORDER**
14-CR-403(S-1)(DRH)

**A P P E A R A N C E S:**

For the Government:
    Bridget M. Rohde
    United States Attorney
    Eastern District of New York
    100 Federal Plaza
    Central Islip, New York 11722
  By: Charles P. Kelly, A.U.S.A.
      Burton T. Ryan, Jr., A.U.S.A.

For Sophia Atias:
    LaRusso Conway & Bartling, LLP
    300 Old Country Rd, Suite 341
    Mineola, New York 11501
  By: Robert P. LaRusso, Esq.

For Joseph Atias:
    Law Offices of Jeffrey T. Schwartz
    225 Broadway, Suite 2510
    New York, New York 10007
  By: Jeffrey T. Schwartz, Esq.

**HURLEY, Senior District Judge:**

      The purpose of this Memorandum is to address the application of the government for criminal forfeiture against the defendants following their conviction for bank fraud, conspiracy to commit bank fraud, and Medicaid fraud.

      As set forth in its initial application, the government seeks forfeiture only as to the bank fraud and the conspiracy to commit bank fraud (Counts One and Two of the Superseding

Indictment) in the amount of $455,000, representing the spread between the sale price of $925,000 in March 2012 to Sacred Heart Academy of the real property located at 83 Cathedral Avenue, Hempstead, New York and the fraudulent short sale price of $480,000 for that property in January 2012. (DE 246 at p. 1.)

Defendants oppose the application to the extent that they assert that the appropriate amount of forfeiture is $365,965.09 representing defendants "personal gain . . . from the transactions which form the basis of the criminal convictions for [Counts One and Two]." (DE 247 at p.1.) Defendants argue that of the $465,965.09 of the sale proceeds transferred to the MC12-11 Trust, $100,000 represented "a return of the $100,000 investment made by the Trust to . . . the entity used to purchase the Property from Sofia Atias in the short sale" which money came from Sofia Atias' brother "and was never considered unlawful proceeds of the bank fraud offense." (*Id*. at p. 2.)

In reply, the government argues that defendants are not entitled to reduce the forfeiture to their personal gain and based on defendants' submission, increases its request for forfeiture from $445,000 to $465,965.09. (DE 248 at p. 1.)

Forfeiture is this case is governed by 18 U.S.C. § 981(a)(1)(C) which provides, in relevant part, for the forfeiture of "[a]ny property, real or personal, which constitutes or is derived from proceeds traceable to a violation of . . . any offense constituting 'specified unlawful activity' (as defined in section 1956(c)(7) of this title), or a conspiracy to commit such an offense." Bank fraud is a specified unlawful activity as defined in 18 U.S.C. §1956(c)(7)(A) and (D).

What constitutes "proceeds" depends on the nature of the crime. Section 981(2) defines

proceeds for purposes of paragraph (1) as follows:

> (A) In cases involving illegal goods, illegal services, unlawful activities, and telemarketing and health care fraud schemes, the term "proceeds" means property of any kind obtained directly or indirectly, as a result of the commission of the offense giving rise to forfeiture, and any property traceable thereto, and is not limited to the net gain or profit realized from the offense.
>
> (B) In cases involving lawful goods or lawful services that are sold or provided in an illegal manner, the term "proceeds" means the amount of money acquired through the illegal transactions resulting in the forfeiture, less the direct costs incurred in providing the goods or services. The claimant shall have the burden of proof with respect to the issue of direct costs. The direct costs shall not include any part of the overhead of the entity providing the goods or services, or any part of the income taxes paid by the entity.

18 U.S.C. § 981(2).

Defendants' argument and the cases they cite, e.g. *United States v. Contorinis*, 692 F.3d 136 (2d Cir. 2012), presumes that the appropriate definition of proceeds in this case is § 981(2)(B). It is not. Rather, the applicable definition of "proceeds" is contained in § 981(2)(A). *See United States v. Torres*, 703 F.3d 194, 198 (2d Cir. 2012) ("In cases involving 'unlawful activities'" the definition of proceeds is that contained in § 981(2)(A).) Unlike subsection A, subsection B "does not contain the 'obtained . . . indirectly,' 'traceable thereto,' or 'not limited to . . . net gain or profit' language that [is] decisive here." *Id*. at 202. The broad language contained in § 981(2)(A) "evinces an intent to reach all manner of property in the defendant's possession and fairly considered as derived from the crime of conviction. Stated otherwise, so long as there is a causal nexus between the wrongdoer's possession of the property and [his or ] her crime, the property may be said to have been 'obtained' by [his or] her 'indirectly' as a result of [his or] her offense." *Id*. at 199. As evidenced by defendants' explanation of how they came into possession

3

of the $465,965.09, including the amount they seek to exclude, such a causal nexus exists in this case.

The government's application for forfeiture in the amount of $465,965.09 is granted.

Dated: Central Islip, New York
       December 18, 2017                               s/ Denis R. Hurley
                                                       Denis R. Hurley
                                                       United States District Judge