UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
UNITED STATES OF AMERICA

     -against-

SOFIA ATIAS AND JOSEPH ATIAS,

      Defendants.
----------------------------------------------------X

**MEMORANDUM & ORDER**
14-CR-403(S-1)(DRH)

**A P P E A R A N C E S:**

For the Government:
  Richard P. Donoghue
  United States Attorney
  Eastern District of New York
  100 Federal Plaza
  Central Islip, New York 11722
  By: Charles P. Kelly, A.U.S.A.
     Burton T. Ryan, Jr., A.U.S.A.

For Sophia Atias:
  LaRusso Conway & Bartling, LLP
  300 Old Country Rd, Suite 341
  Mineola, New York 11501
  By: Robert P. LaRusso, Esq.

For Joseph Atias:
  Law Offices of Jeffrey T. Schwartz
  225 Broadway, Suite 2510
  New York, New York 10007
  By: Leonard Lato, Esq.


HURLEY, Senior District Judge:

  The purpose of this Memorandum is to address the amount of restitution defendants are to be assessed on their bank fraud and bank fraud conspiracy counts of conviction.

  The referenced counts arise out of the fraudulent short sale of the property located at 83 Cathedral Avenue, Hempstead, New York (the "Property") in January 2012. At the time of that

sale there were two loans secured by the Property - a mortgage and a home equity line of credit ("HELOC"). Both loans were held by Bank of America.

Briefly summarized, the facts related to these two counts of conviction are as follows: In or about 2011 both the mortgage and the HELOC were in arrears and Bank of America started foreclosure proceedings. The Property is adjacent to the campus of Sacred Heart Academy ("SHA") and in June 2011 SHA expressed an interest in purchasing the Property and negotiations therefor ensued. During these negotiation, SHA offered to purchase the property for $925,000.00. In October 2011 defendant Sofia Atias sent a letter to Bank of America requesting the bank to agree to a short sale. Eventually, a sham short sale contract for the Property in the amount of $480,000 was sent to the bank and false representations were made by defendants to the bank that the short sale was a not "flipping" or "straw buying". In January 2012, Sofia Atias sold the Property to a straw buyer, obtaining the cancellation of the entire debt (including the deficiency) from Bank of America. The straw buyer, having entered into a contract to sell the Property to SHA for $925,000.00, then sold SHA the Property.

Initially, the government argued that the correct amount of restitution was $539,868.67, relying upon government exhibit 12 which purportedly detailed the amounts due on each of the two loans at issue as of October 11, 2013. That amount included what the government denoted as "prejudgment interest." (Govt's Letter dated April 3, 2018 (DE 314).)

In response, defendants argued that the case cited by the government for the imposition of prejudgment interest does not support that assertion. Further, they pointed out that there was no explanation for why the government picked the date of October 27, 2012 and that the correct date was January 27, 2012, the date the Property was sold. Finally, they challenged the amount

sought to cover payments made to preserve the Property and a servicing fee. (Defs.' Letter of April 23, 2018 (DE 319).)

The government's reply, while still arguing that awarding "prejudgment interest" is appropriate, also references "interest" in terms of "unpaid interest," presumably calculated in accordance with the terms of the loans. (Govt's Letter of May 1, 2018 (DE321).)

After consideration of the foregoing, the Court directed the government to provide the following information: the amount of accrued but unpaid interest due under the terms of each of the two loans as of the date of the short sale, whether the fees included in "other advances" on Exhibit 12 were incurred on or before the date of the short sale, and the amount of items included in "other advances" that were incurred as of the date of the short sale. That information was provided under cover of letter and the government revised the amount of restitution sought to $539,773.67, withdrawing the request for a $95.00 servicing fee on the HELOC. (Govt's Letter dated June 29, 2018).

DISCUSSION

The Mandatory Victims Restitution Act ("MVRA") requires that a defendant convicted of specific offenses "in which an identifiable victim or victims has suffered a . . . pecuniary loss" be ordered to make restitution to the victim. 18 U.S.C. § 3663A(a)(1), (c)(1). The defendant must "pay an amount equal to . . . the greater of . . . the value of the property" on the date of the loss or on the date of sentencing, less "the value (as of the date the property is returned) of any part of the property that is returned." *Id*. § 3663A(b)(1)(B). "In each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." *Id*. § 3664(f)(1)(A).

> The purpose of restitution is essentially compensatory: to restore a victim, to the extent money can do so, to the position he occupied before sustaining injury. The "primary and overarching" goal of the MVRA is to make victims of crime whole, to fully compensate these victims for their losses and to restore these victims to their original state of well-being. [It is] significant that the statute mandates that courts order restitution to each victim in the full amount of each victim's losses as determined by the court. However, the award cannot "allow[ ] a victim to recover more than his due.

*United States v. Qurashi*, 634 F.3d 699, 703 (2d Cir. 2011) (internal quotation marks and citations omitted).

As documented in the "Declaration of Victim/Financial Losses" submitted by Bank of America (DE 324-1), as of the date of the fraudulent short sale the following amounts were due:

Home Equity Line of Credit (HELOC):

| | |
|---|---|
| Unpaid Principal: | $ 77,220.54 |
| Accrued but unpaid interest | $ 17,681.41 |
| Total Owed on HELOC | $ 94,901.95 |

Mortgage:

| | |
|---|---|
| Unpaid Principal | $ 647,279.29 |
| Accrued but unpaid interest | $ 145,764.42 |
| Amounts advanced for real estate taxes and hazard insurance | $ 99,914.01 |
| Attorney Fee | $ 895.00 |
| Property preservation | $ 275.00 |
| Inspections | $ 739.00 |
| Appraisal Fees | $ 1,645.00 |
| Total Owed on Mortgage | $ 896,511.72 |

The total amount of indebtedness secured by the property and owed to Bank of America as of the date of the fraudulent short sale was therefore $991,413.67. Bank of America, however, only received a net total of $451,640.00 as a result of the short sale.[1] Crediting the amount received from the short sale against the amount of debt owed results in Bank of America's loss totaling 539,773.67. There is no request for "prejudgment interest," i.e. interest on the total loss from the date of the short sale to the date of sentencing and therefor it is unnecessary to determine whether prejudgment interest is appropriate in this case.

To the extent there is an objection to the inclusion of accrued but unpaid interest due under the terms of the loans and for amounts advanced for real estate taxes, insurance, property preservation etc., that objection is rejected. Had the defendant not engaged in the fraudulent short sale and had the property either been foreclosed upon or sold to SHA, in this Court's experience, each of these items would be properly included in the amounts payable to Bank of America on the mortgage and HELOC. Additionally, the material submitted substantiate the amount of expenditures for taxes, insurance, property preservation, etc. (*See* Gov't Ex. 21; June 28 2018 Declarations of Victim/Financial Losses (DE 324-1.)

The government's application that the restitution on the bank fraud and bank fraud conspiracy counts of conviction be set at $539,773.67 is granted.[2]

**SO ORDERED.**

Dated: Central Islip, New York
July 20, 2018

s/ Denis R. Hurley
Denis R. Hurley
United States District Judge

---

[1] According to Bank of America's Declaration, of the net amount received from the short sale $447,006.77 was credited against the amount owed on the mortgage and $4,633.23 was credited against the amount owed on the HELOC.

[2] The joint and several liability of defendant Pellegrini will be addressed when Pellegrini is sentenced.